IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **OSAMA "SAM" ODEH**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **4:07-CV-0411-L** |
| | § | |
| **KAREN MITCHELL**, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge (the "Report"), filed September 3, 2008. The Report inadvertently lists the lead defendant as David Byrnes; however, he is not a party to this lawsuit, and the lead Defendant is correctly listed in the caption of the case. Pursuant to 28 U.S.C. § 636, the court referred this case for pretrial management to United States Magistrate Judge Wm. F. Sanderson, Jr. on September 10, 2007. The magistrate judge recommends dismissing Plaintiff's First Amended Complaint on a variety of bases. Plaintiff Osama "Sam" Odeh timely filed objections on September 12, 2008.

### I.  Procedural History

This is a *pro se* civil rights case. The live pleading, the First Amended Complaint, was filed August 21, 2007 by Plaintiff Odeh against Defendants District Clerk Karen Mitchell, United States District Judges A. Joe Fish and Terry Means, Deputy Clerk Janet Baggett, United States Circuit Judges Grady E. Jolly[1] and Carolyn Dineen King, United States Magistrate Judge Charles Bliel, Fifth Circuit Clerk Charles Fulbruge, Fifth Circuit Deputy Clerk Allison Lopez, United States

---

[1] Plaintiff incorrectly named this Defendant. His correct name is E. Grady Jolly; however, for purposes of this opinion, the court lists the name as it is listed in Plaintiff's First Amended Complaint.

**Memorandum Opinion and Order – Page 1**

Supreme Court Clerk William Suter, United States Supreme Court Deputy Clerk Jeffrey Atkins, United States Attorney Richard Roper, and Assistant United States Attorneys Angela Lee Henson and Michael Worley. The court will not repeat Plaintiff's long history of litigating his claims in this court, which is set out in detail in the Report, but notes that Plaintiff has repeatedly filed lawsuits in this court and has been sanctioned by the court and the United States Court of Appeals for the Fifth Circuit.

In this case, Plaintiff filed numerous motions. The Report addresses: (1) Defendants' Motion to Dismiss, filed February 1, 2008; (2) Defendants' Motion for Sanctions Pursuant to Rule 11 and this Court's Inherent Authority, filed February 25, 2008; (3) Plaintiff's Motion for Temporary Restraining Order, and Preliminary Injunction, filed December 6, 2007; (4) Plaintiff's Request for Default Judgment, filed December 27, 2007; (5) Plaintiff's Request for Entry of Default Regarding Defendants Means, Bliel, Henson, Worley, King, Jolly, Fulbruge and Lopez, filed December 27, 2007; and (6) Motion for Leave to File Second Amended Complaint, filed March 20, 2008. On September 3, 2008, the magistrate judge also denied as moot several other pending motions based on the recommendation made in the Report and did not address several other pending motions, which will be addressed later.

## II. The Report

The magistrate judge recommends dismissing Plaintiff's complaint without prejudice for his failure to allege claims for which this court has subject matter jurisdiction because it raises patently frivolous due process claims. In the alternative, the magistrate judge recommends dismissing the claims against Defendant Fulbruge, Lopez, Jolly, Suter, and Akins for lack of personal jurisdiction. The Report recommends dismissing the claims against the remaining Defendants for failure to state

a claim upon which relief can be granted. In the Rule 12(b)(6) analysis, the magistrate judge concluded that Plaintiff's claims are barred by res judicata, the statute of limitations, or immunity.

As to Plaintiff's motion for temporary restraining order and preliminary injunction, the magistrate judge recommends denying it because Plaintiff's claims are without merit. The magistrate judge finds that Plaintiff's request for default and default judgment should be denied because Defendants were properly served and the requests are moot. Finally, the magistrate judge recommends denying Plaintiff's motion for leave to file an amended complaint because amendment would be futile.

### III. Plaintiff's Objections

Plaintiff has filed lengthy objections to the Report, which he has divided into eight subheadings. The court considers each of Plaintiff's objections in turn.

First, Odeh contends that the magistrate judge erred by "failing to construe as true Plaintiff's Complaint allegations, and by fabricating a 'fact' directly contradictory to those of Plaintiff's complaint." He contends that the magistrate judge miscast certain actions taken by the clerk of the court and failed to take his pleaded facts as true. He argues that the magistrate judge's reference to a "clerical error" in the filing of his original *coram nobis* petition contradicts the allegations of his complaint, which state that certain actions taken regarding the docketing of his petition were intentional.

The court **overrules as moot** this objection. The magistrate judge's conclusion that Plaintiff's claims fail to state a claim upon which relief can be granted does not depend upon the characterization of the *coram nobis* filing. Even if the magistrate judge mischaracterized this fact as pleaded by Plaintiff, the Rule 12(b)(6) analysis warrants dismissal of his claims.

Second, Plaintiff argues that the magistrate judge erred in recommending that the court deny him leave to file an amended complaint. He contends that he seeks leave to amend to bring an additional claim that Defendants denied his right to sue those who defrauded him in 1998. He also notes that courts have held that *pro se* litigants should be given reasonable opportunities to amend.

The court **overrules** Plaintiff's second objection. Plaintiff has brought these claims repeatedly, and they have repeatedly been dismissed. Moreover, in this case, Plaintiff has already once amended his complaint, and the court finds that the magistrate judge was correct in finding another amendment to be futile. Plaintiff's additional claim would suffer the res judicata, statute of limitations, and immunity deficiencies of his other pleaded claims. The court also determines that further amending the complaint would cause unnecessary delay and needlessly prolong this litigation.

Third, Plaintiff argues that the magistrate judge erred by holding that certain acts of Judge Fish were judicial in nature and that the clerk Defendants have judicial immunity. He contends that he has pleaded that Judge Fish's acts were in his "administrative" capacity and that he never took any judicial acts in his alleged influence on the clerks. He also argues that Defendants Baggett and Mitchell lack absolute immunity because they were not taking actions ordered by a judge.

The court **overrules** this objection. Regardless of Plaintiff's characterization of Judge Fish's acts, the magistrate judge correctly determined that the acts were judicial in nature. Plaintiff contends that Judge Fish took actions regarding the docketing and assignment of his *coram nobis* petition. Although Judge Fish never appeared on the docket in that case, his actions were clearly "judicial in nature." In making this determination, the court relies on four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the

courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citation omitted). Plaintiff's repeated statements that Judge Fish's acts were administrative does not make them so. Even though Judge Fish did not appear on the docket, his actions, the reassignment of cases as Chief Judge, are judicial functions.

Further, Defendants Baggett and Mitchell have absolute immunity because their acts were done pursuant to their duties as clerks. "Court clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Plaintiff has failed to address the case authority supporting the magistrate judge's conclusions that support his finding that Judge Fish, Baggett, and Mitchell are absolutely immune for the acts of which he complains.

Even if these Defendants do not have absolute immunity, Plaintiff fails to rebut the magistrate judge's finding that his claims are barred by res judicata or the statute of limitations. Thus even if his objection had merit, it would be overruled as moot.

Fourth, Odeh argues that the magistrate judge erred in holding that the court lacks personal jurisdiction over the foreign defendants. He contends that Defendants Judge Jolly, Fulbruge, Lopez, Suter, and Atkins are "involved on a daily basis with litigants and litigation arising in Texas, whether appealed to the Circuit, the Supreme Court, or both."

The court **overrules** this objection **as moot** because it determines that, assuming without deciding that personal jurisdiction exists, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Judge Jolly, Fulbruge, Lopez, Suter, and Atkins. The court finds that

the reasoning in the Report holding that Plaintiff's claims fail to state a claim upon which relief can be granted applies equally to these Defendants and they are therefore entitled to dismissal of the claims against them.

Fifth, Plaintiff argues that the magistrate judge erred in finding that res judicata barred his claims. He contends that he has appealed earlier civil suits and that the court cannot rely upon the judgment in civil action number 4:06-CV-0225. He also references another civil action, number 4:07-CV-0181, which he contends is an action brought pursuant to FOIA.

The court **overrules** this objection and finds that Plaintiff's claims are barred by res judicata. The final judgment issued in civil action number 4:06-CV-0225 meets the test for res judicata, regardless of whether Plaintiff has appealed that judgment. *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir.), *cert. denied*, 128 S. Ct. 805 (2007). To find that res judicata applies, a four-part test must be satisfied: "(1) the parties must be identical or in privity; (2) the judgment in the prior act must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions." *Id.* (internal citation, quotations, and brackets omitted).

All four of these elements have been satisfied, and Plaintiff could have brought these claims in the earlier action. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000) ("[R]es judicata bars all claims that were brought *or* could have been brought based on the operative factual nucleus.") (emphasis in original) (citations omitted). The addition of Defendants is of no moment and does not change the court's analysis or result. He is barred from relitigating these claims because he disagrees with the court's judgment dismissing them. His objection that he has raised

**Memorandum Opinion and Order – Page 6**

another FOIA case is irrelevant to the issue of whether he is entitled to raise claims that have been previously litigated.

Sixth, Plaintiff objects to the magistrate judge's conclusion that the statute of limitations bars his claims. He contends that he has alleged fraud and thus a two-year statute of limitations is inappropriate.

The court **overrules** this objection. The law in this circuit is clear: "This court, applying Texas law, has held that the statute of limitations period on a *Bivens* claim is two years." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999), *cert. denied*, 530 U.S. 1274 (2000). As the magistrate judge noted, Plaintiff only attempted to recast his claims as fraud claims in his response to Defendants' motion to dismiss. In his objection, he argues that this is a novel question of law. The court, however, follows the law as set forth in this circuit and holds that *Bivens* claims,[2] such as those pleaded by Plaintiff, have a two-year statute of limitations.

Seventh, Plaintiff contends that the magistrate judge erred in denying his motion for default judgment because Defendants have never been represented by "properly authorized counsel." In support, Plaintiff cites Rule 12 of the Texas Rules of Civil Procedure.

The court **overrules** this objection. The court is not bound by the Texas Rules of Civil Procedure. Entry of default and default judgment in this court is governed by Rule 55 of the Federal Rules of Civil Procedure. Plaintiff sought default with respect to Defendants Means, Jolly, King, Bliel, Fulbruge, Lopez, Henson, and Worley. Although returns of service for these Defendants were filed, in every case the return does not show that the Defendant was personally served. Rather, the

---

[2]A *Bivens* action is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)).

**Memorandum Opinion and Order – Page 7**

returns show that various secretaries, administrative assistants, and receptionists accepted service.[3] These Defendants also moved to dismiss for insufficient service. The magistrate judge later confirmed that Defendants Bleil, Fulbruge, King, Lopez, and Jolly had not been served via personal service or service on an authorized agent. Notice (Mar. 7, 2008). Accordingly, Plaintiff was not entitled to the entry of default or default judgment against these Defendants when he filed his motions for default judgment.

Even if these Defendants failed to respond in a timely manner, the Fifth Circuit does not favor default judgments. Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Plaintiff's argument is that he is entitled to default judgment because certain Defendants failed to respond to his complaint in a timely fashion.

Even if these Defendants failed to respond in a timely fashion, this, without more, is an insufficient basis to grant a default judgment in light of the meritorious defenses asserted by Defendants. Defendants appeared, contested service, and ultimately were properly served. Moreover, given the nature and merits of Plaintiff's claims contrasted with the strong defenses asserted by Defendants, the court determines that default is unwarranted in this case.

Finally, Plaintiff objects to the magistrate judge's recommendation that the court sanction Plaintiff. He contends that the court cannot point to a specific frivolous word or document filed by

---

[3]The returns of service for Defendants Henson or Worley do not state specifically who accepted service on their behalf.

**Memorandum Opinion and Order – Page 8**

Plaintiff, that Judge McBryde made a finding that there may have been attorney fraud in his criminal case, and that both the magistrate judge and this court have personal interests that favor sanctions.

The court **overrules** this final objection and agrees that sanction of Plaintiff is appropriate. This case represents Plaintiff's eighth civil lawsuit relating to the alleged actions of the clerks and judges of this court regarding his *coram nobis* petition. In each case, his claims have been rejected, and he responds by refiling the previously-litigated claims and adding additional defendants. This repeated, baseless litigation is a waste of scarce judicial resources and causes the litigants to unnecessarily spend time and money. In this case alone, he filed so many motions that the court finally prohibited him from filing motions without seeking prior leave of court. The magistrate judge specifically found that Plaintiff's First Amended Complaint violates Rule 11 of the Federal Rules of Civil Procedure and is frivolous.

Previous sanctions have failed to deter Plaintiff's continued frivolous litigation and filing of new cases. United States District Judge John McBryde set forth the full history of the sanctions against Plaintiff Odeh in a miscellaneous case in November 2007. *See* 4:07-MC-0032-A (Nov. 28, 2007). The Fifth Circuit described Plaintiff's conduct:

> Mr. Odeh has brought his litigation practices in the district court to this court. He has bombarded the clerk's office with numerous pleadings, he has complained about how his cases are being processed in person, in writing, and by phone. He has forced the clerk's office to spend more time than is warranted on his cases. . . . His behavior is interfering with the efficient handling of the court's business.

*United States v. Odeh*, No. 05-10764 (5th Cir. Feb. 2, 2006), 2. The appellate court in that same order prohibited Odeh from filing further papers "unless the document is required by the Federal Rules of Appellate Procedure, or he is directed to file a specific document or the clerk's office." *Id*.

at 2-3. A few months later, the Fifth Circuit described Odeh's repeated filings as "contumacious conduct." *Id*. (June 15, 2006), 2. Thereafter, the Fifth Circuit sanctioned Odeh in the amount of $500 after he "deluged this court with a flood of frivolous and unnecessary motions" and ordered its clerk to accept no further filings "in this or any appeals or original petitions filed in the future." *Id*. (Aug. 8, 2006), 1-2.

In this court, United States District Judge Jorge A. Solis specifically warned Odeh that he might be sanctioned in the manner the magistrate judge recommends. Judge Solis recognized that Odeh filed the instant suit and stated: "In light of the frivolous nature of the claims filed in this suit, it appears prudent to warn or admonish . . . Osama Odeh about the prospect of sanctions for disregarding orders of the Court for abusive litigation practices." Civil Action No. 4:07-CV-0270-P (Oct. 12, 2007), 8. Judge Solis specifically warned Plaintiff that

> engaging in abusive litigation practices, such as filing frivolous actions, may result in the imposition of sanctions, including requiring [him] to pay a monetary sanction to the clerk of court and/or prohibiting [him] from filing civil actions in this Court without first obtaining leave of court to do so.

*Id*. at 9.

Accordingly, the court agrees with the magistrate judge's recommendation that Defendants' motion for sanctions be granted and finds that Plaintiff should be sanctioned and barred from filing new cases in this court without leave of a district judge or a magistrate judge. He has been specifically warned that such sanctions may be used if he filed additional frivolous claims. A bar of filing future civil rights suit without the prior consent of a judge has been affirmed by the Fifth Circuit in *Murphy v. Collins*, in which a plaintiff had filed fifteen civil rights complaints, most of which had been dismissed. 26 F.3d 541, 544 (5th Cir. 1994). Not only has Plaintiff Odeh been

expressly warned that these sanctions may be imposed, but he responded to Defendants' motion for sanctions (docket no. 92) and raised objections to the magistrate judge's recommendation that sanctions be entered.

Prior sanctions of $500, repeated admonitions, and requiring leave to file in this case have had *no* effect on Plaintiff, and he continues to engage in vexatious litigation and contumacious conduct. In light of Plaintiff's obstreperous conduct, the court must therefore impose reasonable sanctions that will discourage and deter the type of improper behavior in which Plaintiff so resolutely engages. As is evident in this case and others, Plaintiff has abused the legal process and judicial system. Accordingly, the court will sanction Plaintiff in the amount of $2,500 and limit his ability to file legal documents as later set forth in this opinion.

**IV. Other Motions**

Also pending are the following motions: (1) Motion to Change Venue, filed February 8, 2008; (2) Motion to Show Proof Maule [is] Authorized to Represent, filed February 19, 2008; and (3) Motion for Permission to File Accompanying "Motion to Secure Certified Recording of Hearing on 22 July 2008," filed July 18, 2008. The magistrate judge did not address these motions in his Report or his September 3, 2008 order.

The court **denies** Plaintiff's Motion to Change Venue. The court finds that there is no need to transfer this case to a court outside the Fifth Circuit. In this case, the magistrate judge rejected Plaintiff's attempts to recuse him. *See* Order (April 11, 2008). Plaintiff has provided no competent legal basis for his request to transfer this case.

The court **denies** Plaintiff's Motion to Show Proof Maule [is] Authorized to Represent. Plaintiff argues that pursuant to 28 C.F.R. § 50.15, he is entitled to evidence that attorney Scott

Maule is authorized to represent the government Defendants. The regulation to which Plaintiff refers does not create any right to evidence of authorization or the basis for a motion in this court; rather, the regulation simply sets forth the process by which federal officials and employees are entitled to representation by the United States Department of Justice. While Plaintiff cites *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995), in support of his motion, the court determines that this case, which considers whether the "scope of employment" for the purposes of the Federal Employees Liability Reform and Tort Compensation Act of 1988 is reviewable by a court, is inapposite. This case does not hold that a litigant who has sued government defendants can demand evidence relating to 28 C.F.R. § 50.15, and the court does not find its reasoning persuasive in this context. Accordingly, the court determines that Plaintiff is not entitled to evidence regarding the 28 C.F.R. § 50.15 determination.

Finally, the court **denies** Plaintiff's Motion for Permission to File Accompanying "Motion to Secure Certified Recording of Hearing on 22 July 2008." This motion seeks a "certified recording" of a hearing that was scheduled for July 22, 2008. Plaintiff did not appear for the July 22, 2008 hearing, and it was not held or ever rescheduled; thus no hearing ever occurred. Accordingly, there is no relief to grant. If a record of what occurred in his absence exists, he may obtain this for purposes of appeal as part of the record.

V. **Conclusion**

Having reviewed the findings and conclusions, record, and applicable law, the court **accepts in part** and **rejects in part** the Report and **overrules** Plaintiff's objections. The court **rejects** the magistrate judge's conclusion that the court lacks subject matter jurisdiction over Plaintiff's claims because they are frivolous. A determination that Plaintiff's claims are frivolous goes to the

sufficiency of the pleadings and whether Plaintiff has stated a claim pursuant to Rule 12(b)(6), rather than subject matter jurisdiction. The court, rather than accept or reject the magistrate judge's findings that it lacks personal jurisdiction over Defendants Judge Jolly, Fulbruge, Lopez, Suter, and Atkins, assumes without deciding that such jurisdiction exists. The court **determines** that the Report's conclusion that Plaintiff's claims fail to state a claim upon which relief can granted applies equally to these Defendants. The court also **accepts** the findings that Plaintiff's claims fail to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) because the claims are barred by res judicata, the statute of limitations, and the absolute immunity of Defendants. The court **accepts** the magistrate judge's findings relating to Plaintiff's motions for injunction, default judgment, and leave to amend his complaint.

Accordingly, the court **denies** Motion for Temporary Restraining Order, and Preliminary Injunction (doc. 39); **denies** Request for Default Judgment (doc. 42); **denies** Request for Entry of Default Regarding Defendants Means, Bliel, Henson, Worley, King, Jolly, Fulbruge and Lopez (doc. 43); **grants** Defendants' Motion to Dismiss (doc. 51); **denies** Motion to Change Venue (doc. 56); **denies** Motion to Show Proof Maule [is] Authorized to Represent (doc. 58); **grants** Defendants' Motion for Sanctions Pursuant to Rule 11 and this Court's Inherent Authority (doc. 59); **denies** Motion for Leave to File Second Amended Complaint (doc. 95); and **denies** Motion for Permission to File Accompanying "Motion to Secure Certified Recording of Hearing on 22 July 2008") (doc. 107). The court **dismisses** this action **with prejudice**.

**The court hereby sanctions Plaintiff in the amount of $2,500, to be paid to the clerk of the court within thirty days of this order. Unless Plaintiff is granted prior leave by a district judge or a magistrate judge and he has paid the $2,500 sanction, he is prohibited from filing**

**any new complaint or civil action. The clerk of the court is hereby ordered to return any complaint or new complaint or civil action that is filed by Plaintiff without prior leave of a district judge or a magistrate judge and without paying the $2,500 sanction.**

**Plaintiff may not make any additional filings in this case unless the filing is a notice of appeal of this court's decision or a document specifically related to such an appeal. The court will not entertain any motion to reconsider or to amend or alter the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. If Plaintiff refuses to comply with the sanctions imposed herein, the court will issue a show cause order for Plaintiff to appear at a hearing and show cause why he should not be held in contempt and why additional sanctions should not be imposed.**

**It is so ordered** this 25th day of September, 2008.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge